# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALFRED CESSPOOCH,<br><br>                 Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                 Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-CV-00662-JNP<br><br>District Judge Jill N. Parrish |

This matter comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Respondent's motion to dismiss the same. For the reasons below, the Court denies Petitioner's motion and grants Respondent's.

## I. BACKGROUND

In 1996, Petitioner Alfred Cesspooch was convicted of two counts of assault and one count of aggravated sexual abuse. Petitioner's criminal history featured prior convictions for assault with a deadly weapon, assault on a police officer, and rape. Consequently, the presentence report designated him a career offender under USSG §4B1.1, and he was sentenced to 390 months in prison. Petitioner appealed his judgment, but the Tenth Circuit affirmed on January 28, 2003. The ninety-day period to file a petition for writ of *certiorari* expired on April 28, 2003.

Now Petitioner asks this Court to correct his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The United States argues that Petitioner's motion should be dismissed because, among other things, *Johnson* does not apply to Petitioner's case and therefore his motion is untimely. The Court agrees with the United States.

## II. TIMELINESS

This Court may "modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Title 28 U.S.C. § 2255 grants this Court that jurisdiction, but only within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Convictions become final upon conclusion of direct review. *United States v. Carbajal-Moreno*, 332 Fed. App'x 472, 474 (10th Cir. 2009). When, as here, the defendant takes a direct appeal to the court of appeals, the judgment of conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of *certiorari*, or when the time for filing a *certiorari* petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Petitioner's ninety-day period to file a petition for writ of *certiorari* expired on April 18, 2003. He filed the motion at issue here on June 21, 2016—well beyond the one-year limit. Consequently, Petitioner's motion is untimely unless, as he argues, *Johnson* recognized a new right that is retroactively applicable to his case, restarting the one-year period under 28 U.S.C. § 2255(f)(3).[1]

Here, Petitioner asserts that he has the right not to be sentenced as a career offender under the mandatory guidelines' residual clause. If the Supreme Court has recognized that right and the right has been made retroactively applicable to cases on collateral review, Petitioner's motion is timely. *See id*. Otherwise, it is not, and this Court must dismiss it.

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act ["ACCA"] violates the Constitution's

---

[1] Section 2255(f)(3) provides that the one-year limitation period may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .").

guarantee of due process" because the residual clause of the ACCA is unconstitutionally vague. 135 S. Ct. at 2563. Therefore, Petitioner argues, "the identical language in §4B1.2(a)(2) is also unconstitutionally vague." ECF No. 1 at 3. In support, Plaintiff cites the Tenth Circuit's opinion in *United States v. Madrid*, which held § 4B1.2(a)(2) void for vagueness under *Johnson*. 805 F.3d 1204, 1211 (10th Cir. 2015). However, after Petitioner filed his motion, *Madrid* was abrogated by the Supreme Court's holding in *Beckles v. United States*, 137 S. Ct. 886 (2017). *Beckles* instructed that because the guidelines are advisory, they "are not amenable to a vagueness challenge." *Id.* at 894.

The United States repeats the *Beckles* holding, insisting that it controls here.[2] This is incorrect. In *Beckles*, the Supreme Court's clear holding was that "the *advisory* Sentencing guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at 895 (emphasis added). Writing for the majority, Justice Thomas distinguished between the mandatory and advisory guidelines. And as Justice Sotomayor noted in her concurring opinion, "The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in [*Booker*] . . . may mount vagueness attacks on their sentences." *Id.* at 903 n.4.

*Beckles* did not deny the right Petitioner asserts. But *Johnson* did not recognize it. And if *Madrid* did recognize such a right, that opinion was abrogated by *Beckles*.[3] Therefore, whether Petitioner may challenge his sentencing under the residual clause of § 4B1.2(a) remains an open question. *See United States v. Miller*, No. 16-2229, 2017 WL 3658833, at *3 n.3 (10th Cir. 2017)

---

[2] ECF No. 10 at 2, 3, 4, 7–8, 10; No. 13 at 4, 5.

[3] And if it had not been, *Madrid* would remain irrelevant. Section 2255(f)(3) requires that the right be initially recognized by the Supreme Court. The Tenth Circuit is not the Supreme Court.

("[W]e express no opinion on whether the Supreme Court has recognized the right [not to be sentenced as a career offender under the residual clause of the mandatory guidelines] for purposes of § 2255(f)(3)."); *United States v. Brown*, No. 16-7056, 2017 WL 3585073, at *4 (4th Cir. Aug. 21, 2017) (noting that the Supreme Court "has yet to recognize a broad right invalidating all residual clauses as void for vagueness" and holding that petitioner's motion was therefore untimely); *Raybon v. United States*, 867 F.3d 625, 629 (6th Cir. 2017) ("[W]hether [*Johnson*] applies to the mandatory guidelines . . . is an open question."); *but see Moore v. United States*, No. 16-1612, 2017 WL 4021654 (1st Cir. Sept. 13, 2017) (granting petitioner sentenced pre-*Booker* certification to argue in the district court that *Johnson* invalidates the residual clause of the career offender guideline). As such, the right Petitioner asserts has not been recognized by the Supreme Court and certainly has not been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3); *see generally Tyler v. Cain*, 533 U.S. 656, 663–64 (2001) (holding that "made" means "held" under identical language in § 2244(b)(2)(A) and that it must be held retroactive by the Supreme Court). Consequently, Petitioner's motion is untimely.

This Court's decision is consistent with other decisions in this district. In *Ellis v. United States*, the petitioner challenged his pre-*Booker* guidelines enhancement under *Johnson*. No. 2:16-cv-484, 2017 WL 2345562 (D. Utah, May 30, 2017). And in *Rith v. United States*, the petitioner similarly asked the court to correct his sentence based on *Johnson*. No. 2:16-cv-00351, 2017 WL 3738549 (D. Utah Aug. 29, 2017). In both cases, the courts ruled the §2255 motions untimely.

### III. ORDER

For the reasons above, Petitioner's motion is untimely. The Court **GRANTS** the United States' motion to dismiss.

Signed October 4, 2017.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge