IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALFRED CESSPOOCH,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Respondent. | **ORDER DENYING CERTIFICATE OF APPEALABILITY**<br><br>Case No. 2:16-cv-662<br><br>District Judge Jill N. Parrish |

## I. BACKGROUND

On October 4, 2017, this court issued an order denying Petitioner Alfred Cesspooch's § 2255 motion to vacate, set aside, or correct his sentence. *See* ECF No. 16.

Mr. Cesspooch seeks to appeal the court's order, but he cannot take his appeal to the Tenth Circuit without a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1). And Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Until September 2017, the Tenth Circuit relied on its decision in *United States v. Kennedy*, 225 F.3d 1187 (10th Cir. 2000) to deem a COA denied if district courts did not rule within thirty days of the filing of the notice of appeal. However, in *United States v. Higley*, No. 17-1111, at *6–7 (10th Cir. Sep. 29, 2017) (unpublished), the Tenth Circuit held that *Kennedy* was no longer good law and that, "if the district court has not ruled on COA, this court should order a limited remand for the district court to rule on COA."

When this court denied Mr. Cesspooch's § 2255 motion, it did not address whether a COA should issue. Consequently, and in light of *Higley*, the Tenth Circuit directed a limited remand for this court "to consider whether to issue a COA for this appeal." *United States v. Cesspooch*, No. 17-4160 (10th Cir. Feb. 13, 2018).

## II. DISCUSSION

Under 28 U.S.C. § 2253(c)(2), this court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." The proper standard for that determination is a simple question: Could "reasonable jurists . . . debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted), *rev'd on other grounds*, *Miller-El v. Dretke*, 545 U.S. 231 (2005). With this standard in mind, Mr. Cesspooch has not made the requisite showing.

In its October 4, 2017 order, this court considered whether Mr. Cesspooch's motion was untimely under 28 U.S.C. § 2255, which requires that post-conviction motions for *habeas* relief be brought within one year of the date on which "the judgment of conviction becomes final" or "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1), (3). Mr. Cesspooch argued that the Supreme Court had recognized a new right applicable to his case in *Johnson v. United States*, 135 S. Ct. 2551 (2015). But the court disagreed and held that his motion was untimely.

At the time, the court relied upon its own interpretation of § 2255(f) and its application by several circuit courts and other holdings in this district. But on February 6, 2018, the Tenth Circuit addressed the same question in *United States of America v. Greer*, No. 16-1282 (10th Cir. Feb. 6, 2018). In that case, the Tenth Circuit held that Mr. Greer asserted a right "not to be

sentenced under the residual clause of § 4B1.2(a)(2) of the mandatory Guidelines." *Id.* at *10. However, "[t]he Supreme Court has recognized no such right." *Id.* Therefore, "Mr. Greer [had] not asserted a right recognized in *Johnson*," and the panel held that his motion was untimely. *Id.*

*Greer* speaks directly to the issue Mr. Cesspooch raised in his petition. As did Mr. Greer, Mr. Cesspooch asserted a right not to be sentenced under the residual clause of § 4B1.2(a)(2) of the mandatory Guidelines. But as this court held then and as the Tenth Circuit held in *Greer*, the Supreme Court has recognized no such right. Considering the Tenth Circuit's clear holding resolving this precise issue earlier this month, Mr. Cesspooch has not made a substantial showing that he was denied a constitutional right. No reasonable jurist could debate whether Mr. Cesspooch's petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.[1]

### III.  ORDER

For the reasons above, the court denies Mr. Cesspooch a COA as to his § 2255 motion.

Signed February 26, 2018

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

[1] Mr. Cesspooch disagrees. While he recognizes the Tenth Circuit's holding in *Greer*, he cites the First Circuit's contrary holding in *Moore v. United States*, 871 F.3d 72 (1st Cir. 2017), and argues that "the fact that a panel of the Tenth Circuit has rejected Mr. Cesspooch's position does not mean that the issue is not debatable." ECF No. 27 at 5. The issues Mr. Cesspooch raises may be debatable, but under *Greer*, the proper resolution of his petition is not. This court is bound by Tenth Circuit law, and the holding in *Greer* is directly controlling here.